IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN TASKER, | : | No. 3:04cv2620 |
|         Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| FARMERS NEW CENTURY | : | |
| INSURANCE, MARYLAND CASUALTY | : | |
| COMPANY, and ZURICH PERSONAL | : | |
| INSURANCE, | : | |
|         Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is a motion to stay filed by Defendants Farmers New Century Insurance, Maryland Casualty Company and Zurich Personal Insurance (collectively "Defendants"). This matter has been fully briefed and is ripe for disposition. For the following reasons, we will deny the motion.

**Background**

Plaintiff John Tasker ("Plaintiff") filed the instant suit alleging that Defendants breached an insurance contract and acted in bad faith under 42 PA. CONS. STAT. ANN. § 8371 ("§ 8371") in processing Plaintiff's claims for insurance benefits. Plaintiff asserts that he suffered numerous injuries as a result of an accident on October 24, 2001. At the time of the accident, he was covered by Defendants' insurance policy. Plaintiff alleges that thirty-four separate actions by Defendants' were in bad faith under § 8371. In one of these thirty-four instances, Plaintiff alleges they acted in bad faith by filing a petition in state court to vacate an arbitration award. During the claims process, an arbitration panel had awarded Plaintiff $850,000 against Defendants, but they filed a petition to vacate this award, arguing that one

arbitrator was biased. The Court of Common Pleas subsequently denied the petition to vacate. Defendants thereafter appealed that decision to the Superior Court of the Commonwealth of Pennsylvania. This appeal is currently pending. In the instant petition, the defendants argue that we should stay this case pending the resolution of the appeal.

**Discussion**

As a result of the appeal, the parties to the instant suit are engaged in simultaneous litigation in both state and federal court. In the federal case, Plaintiff seeks recovery for Defendants' bad faith actions in processing his claim, as well as for breach of contract. In state court, Defendants have a currently pending appeal of a decision to deny their petition to vacate Plaintiff's arbitration award. Defendants argue that this situation merits that we stay this case pursuant to the Colorado River doctrine, the Rooker-Feldman doctrine, and Bailey v. Ness, 733 F.2d 279 (3d Cir. 1984). We will address each argument separately.

**Colorado River**

In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court announced that a district court may abstain from exercising its jurisdiction where the parties before the district court also are engaged in a parallel state court proceeding based on an analysis of certain enumerated factors. The Colorado River factors include: "(1) whether the state court assumed in rem jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." Ryan, 115 F.3d at 196 (citing Colorado River, 424 U.S. at 818). The Colorado River Court found that the most important factor was

the presence of a "clear federal policy evinced by the legislature" counseling against piecemeal litigation in the type of case before the federal court. 424 U.S. at 819. Absent such a policy, "[g]enerally as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Id. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910))

Thus, the Colorado River doctrine is an exception to "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts . . . that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." Spring City Corp. v. American Buildings Co., 193 F.3d 165, 172 (3d Cir. 1999) (citing University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991)). "It is axiomatic that federal courts have a 'virtually unflagging obligation... to exercise the jurisdiction given them' by Congress." Ryan v. Johnson, 115 F.3d 193, 195 (3d Cir. 1997) (citing Colorado River, 424 U.S. at 817). The Colorado River doctrine is a narrow exception that applies solely under "exceptional circumstances." Colorado River, 424 U.S. at 813.

As a threshold matter, we find that the Colorado River doctrine does not apply in the instant case because the pending appeal is not a parallel proceeding. The sole issue in state court is the viability of Defendants' challenge of the arbitration award. A proceeding is parallel if it involves the same parties and "substantially identical" claims, raising "nearly identical allegations and issues." Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir.1994) (overruled in part on other grounds). The issue of the arbitration challenge is not a

3

substantial part of any issue in the case *sub judice*. The issues in this case are whether Defendants' conduct in processing Plaintiff's insurance claim constituted bad faith under 42 PA. CONS. STAT. ANN. § 8371 and whether Defendants breached the insurance contract. The Superior Court is not faced with either of these issues. Defendants' decision to challenge the arbitration award is merely one of thirty-four specific instances that Plaintiff alleges constituted bad faith.

Thus, regardless of the Superior Court's resolution of Defendants' challenge to the arbitration award, the substantive issue of whether the remaining thirty-three allegations amount to bad faith will remain before this Court and require adjudication. The "decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the [federal] case, whether it stays or dismisses." Marcus v. Township of Abington, 38 F.3d 1367, 1371 (3d Cir. 1994) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983)). Following the resolution of the state court proceeding this Court will still need to address the substantive issues in this case because the state court proceedings are not parallel within the meaning of the Colorado River doctrine. The state court proceedings involve one factual allegation of the many in this case. This case involves different claims, with different standards, and different allegations from the state court proceedings. The resolution of the state court proceedings will resolve none of the claims presently before this Court. Thus, we hold that the currently pending state court proceedings are not parallel and therefore the Colorado River doctrine does not warrant

abstention.[1]

**Rooker-Feldman Doctrine**

Defendants argue in the alternative that we should either stay or dismiss this case under the Rooker-Feldman doctrine because we lack jurisdiction to review the decisions of state trial courts. Defendants reason that our resolution of the bad faith issue necessarily will function as an appeal of the state trial court's determination that Defendants' arbitration challenge lacks merit. We find this argument specious.

The Supreme Court recently addressed the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517 (2005). There, the Court analyzed the only two cases wherein it has applied the doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman

---

[1] Furthermore, even if the state court proceedings were parallel, Defendants' arguments regarding the Colorado River factors and the "exceptional circumstances" fall far short. Defendants argue that a stay will avoid piecemeal litigations and that the state court obtained jurisdiction before this court. Defendants' piecemeal litigation is erroneous because, as discusses *supra*, we will need to adjudicate the same claims regardless of whether we stay this case pending the resolution of the state court proceedings. Furthermore, to warrant abstention, "there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." Ryan, 115 F.3d at 198 (citing Colorado River, 424 U.S. at 819). Defendants have identified no such policy. Therefore, we will exercise our 'virtually unflagging duty' to address a case within our jurisdiction because we find that even if the state proceedings were parallel, the Colorado River factors dictate that we should not abstain.

> does not otherwise override or supplant preclusion doctrine or augment
> the circumscribed doctrines that allow federal courts to stay or dismiss
> proceedings in deference to state court actions.

Exxon Mobil, 125 S. Ct. at 1521-22.

The Court explained that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in Federal court having jurisdiction." Id. at 1526-27. The court recognized that federal courts should address related pending state court proceedings through abstention doctrines such as Colorado River, but concluded that "neither Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court." Id. at 1527.

Exxon Mobil delineates the limited circumstances in which a court should apply the Rooker-Feldman doctrine, and this case bears none of them. Plaintiff is not a state court loser, he does not complain of injuries caused by the judgment, and he certainly does not request that we reject the judgment that has been entered on his behalf. Instead, he complains of Defendants' bad faith in processing his insurance claim. Therefore, we find that the Rooker-Feldman doctrine does not divest this Court of its jurisdiction.

**Bailey Stay**

Finally, Defendants argue that we should stay this case pursuant to the reasoning in Bailey v. Ness, 733 F.2d 279 (3d Cir. 1984). In Bailey, the plaintiff brought suit alleging that the defendant violated her civil rights during the defendant's criminal prosecution of the plaintiff. Bailey, 733 F.2d at 280. The plaintiff had appealed her conviction and the appeal was

pending. Id. The issues the plaintiff raised in her civil rights action were identical to those tried in the state court prosecution and the plaintiff admitted that these issues were decided against her in the state proceedings. Id. The district court found that the plaintiff was estopped from relitigating these issues and dismissed the complaint. Id. On appeal, the court found that the district court should not have applied the collateral estoppel doctrine and instead should have stayed the case pending the plaintiff's appeal in the state court proceedings. Id. The court reasoned that the collateral estoppel doctrine did not apply unless the state court proceedings resulted in a final judgment. Id. The court noted that the state court decisions addressing whether a state decision pending appeal is a final judgment lead to no clear resolution, and thus a stay was appropriate to avoid the uncertain state law question as to the finality of judgments pending appeal. Id. at 281-82.

Defendants argue that we should follow the reasoning of Bailey and stay this case pending resolution of the state court proceedings because of the possibility that the state court decision could have a collateral estoppel effect on a portion of this case. We do not read Bailey so broadly. In Bailey, the court was directly presented with a collateral estoppel issue whereas here, neither party has filed a motion raising a collateral estoppel or res judicata issue. The mere possibility that the resolution of a state court proceeding could provide a party with a collateral estoppel argument does not warrant a stay of a federal case. Certainly in a large portion of situations involving the simultaneous litigation of similar issues in state and federal courts, the possibility exists that whichever case arrives at final judgment first will have a preclusive effect as to some issue in the other case. This does not require one or either of the

7

cases to stay pending resolution of the other. "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." Spring City Corp. v. American Buildings Co., 193 F.3d 165, 172 (3d Cir. 1999) (University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991)). Defendants seek to eliminate this rule and instead require a stay in nearly every simultaneous litigation. Furthermore, the rule suggested by Defendants would eviscerate the Colorado River doctrine, as instead of requiring a stay in the 'narrow circumstances' identified in Colorado River, they would require a stay in every circumstance of simultaneous litigation. Therefore, we find that Bailey is distinguishable and Defendants' suggested extension of the Bailey rule is in clear contravention to the precedent established by Colorado River and its progeny that we should abstain from the exercise of our jurisdiction due to simultaneous litigation solely in narrow, exceptional circumstances. Simultaneous litigation alone is not such an exceptional circumstance. Accordingly, we will deny Defendants' motion to stay pursuant to the reasoning in Bailey.

**Conclusion**

We recognize that resolution of Defendants' state court appeal may relate to a small portion of the claim presently before this Court. This possibility, however, does not warrant a stay pursuant to the Colorado River abstention doctrine, the Rooker-Feldman doctrine, or Bailey. Instead, as the Supreme Court has explained, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a

case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil, 125 S. Ct. at 1527 (citations omitted). Thus, we have jurisdiction over the present claims, we will not abstain under Colorado River or stay pursuant to Bailey, and we will address a claim or issue preclusion argument should a party present one. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN TASKER,** | : | No. 3:04cv2620 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **FARMERS NEW CENTURY** | : | |
| **INSURANCE, MARYLAND CASUALTY** | : | |
| **COMPANY, and ZURICH PERSONAL** | : | |
| **INSURANCE,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 3rd day of June 2005, the defendants' motion to stay (Doc. 15) is hereby **DENIED**.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**